**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

DR. ANDREW RUBIN              )
     2853 Ontario Road, NW    )
     Apt. 503                  )
     Washington, D.C.  20009   )
                                )
                                )
          Plaintiff,          )
                                )
       vs.                    )
                                )   Case No.:
GEORGETOWN UNIVERSITY   )
     37th & O Streets, NW     )
     204 Healy Hall         )
     Washington, D.C.  20057   )
                                )
And                         )
                                )
ALLIANT INSURANCE SERVICES  )
d/b/a COLONIAL HEALTHCARE, INC. )
     9901 Business Parkway    )
     Lanham, MD 20706      )
                                )
                                )
                                )
         Defendants.       )
_____ )

**<u>COMPLAINT</u>**

Dr. Andrew Rubin ("Plaintiff"), initiates this action to seek redress against Georgetown University ("Georgetown") and Colonial Healthcare Inc.[1] ("Colonial") , together ("Defendants"), for unlawful violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Consolidated Omnibus Budget Reconciliation Act of 1986 (Pub.L. 99–272, 100 Stat. 82)

---

[1] Colonial Healthcare, Inc. is now owned by Alliant Insurance Services.  Alliant Insurance Services still receives mail as Colonial Healthcare, Inc. and does business as Colonial Healthcare, Inc. at 9901 Business Parkway, Lanham, MD  20706.  For purposes of this complaint, it should be noted that the moniker "Colonial" refers to Alliant Insurance Services doing business as Colonial Healthcare, Inc.

("COBRA").  Specifically, he is seeking redress for the Defendant's failure to properly administer his COBRA premiums and for the wrongful termination of his continuation coverage under Georgetown's group healthcare plan ("Plan") pursuant to ERISA §§ 601 and 602, 29 U.S.C. §§ 1161 and 1162 , and for Defendants' failure to timely provide the legally required notification of termination of benefits pursuant to ERISA § 606(a)(4), 29 U.S.C. § 1166(a)(4), and 29 C.F.R. § 2590.606-4(d).  These errors, which were unrelated to Plaintiff's conduct, continued despite his numerous attempts to correct them, and resulted in his  being held liable for substantial medical costs. With these failures, Defendants' have violated both notification requirements and their fiduciary obligations under ERISA.

As a result of these violations, Plaintiff asserts that he is entitled to: (1) reinstatement of his COBRA benefits or, alternatively, payment of the total out-of-pocket costs for all retroactively denied services under ERISA § 502(a)(3), 29 U.S.C.§1132(a)(3) to redress Defendants' violation of COBRA and breach of their fiduciary duties.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1), 1132 (a)(3), and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 29 U.S.C. § 1132(e), as the plan is administered in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

4. Plaintiff has exhausted all administrative remedies.

## THE PARTIES

5.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

6.   Plaintiff resides in the District of Columbia.

7.   Defendant Georgetown is located in the District of Columbia.

8.   Defendant Colonial is located in Maryland.

9.   The group health plan ("the Plan") is a welfare benefit plan, as defined under ERISA § 3(1), 29 U.S.C. §1002(1).

10. The administration of the Plan is subject to the Employee Retirement Income Security Act ("ERISA").

11. The administration of the Plan is subject to the Consolidated Omnibus Budget Reconciliation Act of 1986 ("COBRA").

12. On information and belief, Colonial is the "plan administrator" of the group health plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), and therefore a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C.§l002(21)(A).

13. Georgetown is the "plan sponsor" of the Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. §1002(16)(B), and is therefore a "fiduciary" within the meaning of ERISA § 3(21)(A), 29 U.S.C.§l002(21)(A).

14. As a result of the positions they hold, Georgetown and Colonial are both fiduciaries to the Plan.

## FACTUAL ALLEGATIONS

15. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16. Plaintiff was employed by Georgetown as an Assistant Professor.

17.  Plaintiff was a participant in the Plan.

18. To resolve Plaintiff's dispute against Georgetown that the university had improperly denied Plaintiff both tenure and promotions because of questions over the procedures and actions of the University with respect to his scholarship and his disabling condition, Georgetown agreed to allow the Plaintiff to be a "Scholar in Residence" for one year after the date his employment contract expired on July 31, 2013. .

19. On July 12, 2013, also as part of this agreement under the bona fide *Cura Personalis*, Georgetown agreed to pay Plaintiff a non-salaried lump sum amount of $70,675 plus an amount of $7,740 to cover his COBRA for one year.

20. On July 31, 2013, Plaintiff received his final paycheck from Georgetown.  Withholdings included payment for his August 2013 health insurance premium.

21. As a result of his employment termination, Plaintiff suffered a qualifying event as defined in 29 U.S.C.A. § 1163.

22.  On August 26, 2013, Georgetown Human Resources notified Plaintiff of his right to "continue certain covered benefits" from August 1, 2013 to February 15, 2015.  Plaintiff elected COBRA through February 15, 2015.  This notification included reference to a COBRA computational booklet to be provided to Plaintiff.  However, the computational booklet referenced in the letter was not received until September 5, 2013.

23. On September 6, 2013 and September 23, 2013, Plaintiff paid his COBRA premiums in the amount of $642.49 for both September and October to Colonial. In mid-September 2013, Plaintiff was told by Melissa Smith at Colonial that Georgetown was covering these payments for him.  Plaintiff requested that the payments he'd sent be applied to his

premiums for which he would be responsible after July 31, 2014. Yet these payments were returned to Plaintiff on September 25, 1913 and October 17, 2013.

24. From September 2013 through June 2014, Plaintiff received no invoices from Colonial or the Georgetown University Benefits Office for COBRA.

25. On June 23, 2014, the Georgetown University Benefits Office informed Plaintiff (incorrectly) that his premium of $715.37 (for which Georgetown was responsible) for June was late and was due on June 1, 2014.  Plaintiff was informed that payment must be postmarked by July 2, 2014 to prevent termination of benefits.

26. On June 26, 2014, Plaintiff made an EFT Payment to Colonial and called Colonial to alert them payment had been made.  Plaintiff spoke with Melissa Smith, who said that she would inquire with Georgetown as to who in their office was responsible for making the June 2014 payment and not to worry about a gap in or loss of coverage because Georgetown has a two-month grace period.

27.  Notwithstanding her representations, on June 26, 2014, Plaintiff requested that Ms. Smith apply the payment towards his COBRA premium to prevent loss of coverage in the event that Georgetown failed to pay.

28. On or about July 8, 2014, Melissa Smith from Colonial called Plaintiff and stated that Georgetown would be covering June and July for 2014.  Plaintiff asked again that the check he sent on June 26, 2014 be applied to cover his next COBRA premium for August 2014. Notwithstanding his request, the check remained pending as of July 27, 2014.  Therefore, on July 30, 2014, Plaintiff issued another check to Colonial to ensure timely coverage of the August 2014 COBRA premium for which he assumed he was now responsible.

29. It was Plaintiff's understanding that, having submitted two payments to Colonial which had neither been rejected nor returned, the two payments would be applied, per his request, to cover his COBRA premiums for August 2014 and September 2014.

30. On August 1, 2014, Plaintiff called Lesley Sebastian in the Provost's office to request that his 401(k) be rolled over (it should have been rolled over in August 2013 or converted to an IRA) and confirm that as of August 2014, he, not Georgetown, was responsible for the COBRA premium payments.  During that same conversation, he requested that Georgetown correct its vendor ("Colonial") regarding the handling of his COBRA premiums and coverage, as he had received no invoices from Colonial except for the incorrect one in June 26, 2014.

31. On September 8, 2014, Plaintiff was admitted to Sibley Memorial Hospital ("Sibley") for critical treatment following pre-approval by United Healthcare.

32. Plaintiff received Explanation of Benefits from Colonial via email while in the hospital and believed his COBRA insurance to be active.

33. Outside of the Explanation of Benefits, Plaintiff received no other information from United Healthcare or Sibley, and never received any notifications from Colonial that his payments were late or that his insurance was no longer in effect.

34. On October 7, 2014, while filling a prescription, Plaintiff learned that his insurance was no longer in effect.  Upon this discovery, Plaintiff reviewed his checking account and found that the electronic check he sent in June 2014 still had not been processed by Colonial, and that his July payment had been..

35. Plaintiff immediately sent Colonial another check to cover September 2014. Plaintiff contacted Colonial to notify them and was told his insurance has been terminated and could

not be reinstated. He was given no notice of his right to appeal. The check written by

Plaintiff to cover the September 2014 payment was received by Colonial but was not

deposited or returned.

36. Plaintiff contacted Lesley Sebastian in Provost's office to inform her about what had

transpired with Colonial on October 7, 2014. During his conversation with Ms. Sebastian,

she offered to appeal the discontinuation of his COBRA coverage in light of the continuous

administrative errors.

37. On October 8, 2014, Plaintiff received notification from United Healthcare that it covered

the cost of his September hospitalization at Sibley in the amount of $22,835.92, of which he

was required to pay $17.50.

38. On October 14, 2014, Lesley Sebastian emailed Plaintiff requesting that he confirm that

Georgetown submit an appeal to ensure his coverage is intact for at least September and

October of 2014.  In the email, she asked if Plaintiff needed coverage for November or if he

had already enrolled in the ACA exchange.

39. In response to her email, Plaintiff left a message with Lesley Sebastian telling her he had not

yet received coverage from the exchange, and requested continuation of coverage through

February 2015, letting her know that he was scheduled for a medically necessary surgery in

November.

40. On October 22, 2014, Plaintiff received an email from Lesley Sebastian indicating that

Georgetown could not extend coverage beyond the cancellation date due to nonpayment of

premiums, and that Colonial would not make an exception. She informed Plaintiff that her

supervisor, Cynthia Chance, Assistant to the Provost, was available should he have follow

up questions.

41. On March 13, 2015, Plaintiff received an email from Robert Moten at Sibley requesting that he contact him.  In a telephone conversation, Mr. Moten informed Plaintiff that United Healthcare had reversed their payment of $22,835.92 to Sibley for his hospitalization in September 2014.

42. In April 2015, Plaintiff requested a detailed pay stub for his final salary payment from Georgetown on July 31, 2013. That paystub indicated not only had Georgetown withheld from that check his co-payment in the amount of $259.94 for medical insurance in August 2013, the university also paid $335.77 toward his July 2013 premium, totaling $595.17.

43. On June 30, 2015, Plaintiff received notice from GWU Medical Faculty Associates, who provided care for him in September 2014 during his hospitalization, informing him that they have sent him to collection because previously made payments totaling $1,834.18  have been reversed by United Healthcare per Colonial's decision.

44. Plaintiff never received the legally required notice of termination of his COBRA coverage from Colonial.  Instead, the Benefits Department of Georgetown University sent a letter to Plaintiff on October 2, 2014 advising him that his coverage was terminated on September 1, 2014.

45. Plaintiff has received no evidence that Georgetown ever actually made the appeal it said it would, and Ms. Sebastian never forwarded the appeal she purportedly sent to Colonial on behalf of Plaintiff.

46. Colonial's deposit of a payment of Plaintiff's $715.37 on July 27, 2014 (for which he received no invoice) covered his premiums in September 2013, since he and Georgetown had already paid for medical insurance for August 2013 from his July 2013 paycheck. Colonial's reason for early termination was materially incorrect.

## COUNT ONE

## VIOLATION OF COBRA & ERISA

47. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

48. Colonial had not basis on which to terminate Plaintiff's COBRA because he has submitted timely payments, but Colonial failed to apply them because the plan administrator did not confirm the fact that Georgetown was no longer paying the premium effective, August 1, 2014.  By returning the checks or simply not cashing them, Colonial created the non-payment situation.

49. Pursuant to 29 C.F.R. § 2590.606-4(d), the plan administrator is responsible for timely issuing notice of termination of continuation coverage to covered participants and beneficiaries. The Plan is obligated to notify participants that coverage will end in advance of the action, and include the reason for the early termination, the date of the termination and an explanation of the participant's rights to elect alternative coverage—such as a conversion plan.  No such correspondence or election rights were provided to Plaintiff.

50. Colonial violated the notice requirements under ERISA when it failed to notify Plaintiff that his COBRA coverage would be terminated in advance of the termination date.

51. Colonial's failure to provide written notice that it had rejected checks sent by Plaintiff is a violation of ERISA.

52. As a result of Defendants' ERISA violations, Plaintiff incurred substantial medical bills totaling $24,670.10 (the summation of $22, 835.92 and $1,834.18).

## COUNT TWO

## BREACH OF FIDUCIARY DUTY UNDER ERISA

53. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

54. Georgetown had a fiduciary obligation to monitory its service provider, Colonial; and was on notice of the discrepancies and errors by Colonial from Plaintiff's communications to Leslie Sebastian.

55. The record clearly reflects that Plaintiff submitted payments, which Colonial either returned on the incorrect premise that Georgetown was still paying premiums for Plaintiff, or simply failed to cash. The behavior of Colonial suggests that the Benefits Department of Georgetown did not timely inform Colonial about Plaintiff's employment status.

56. Inasmuch as Georgetown retains Colonial as its third-party vendor, it has a fiduciary obligation under ERISA to make sure Colonial was competent in its delegated responsibilities.

57. Further, once Georgetown was placed on notice by Plaintiff of these clear violations of ERISA, it had an obligation to investigate and correct Colonial as to its mistakes.

58. In its capacity as plan sponsor, Georgetown breached its fiduciary duty to timely investigate and correct Colonial's continued errors that ultimately resulted in Plaintiff losing his coverage on a retroactive basis.

59. As a result of Defendants' breaches of fiduciary duty, Plaintiff has suffered damages set forth herein.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that this Court:

A.      Order immediate reinstatement of Plaintiff's COBRA benefits so that his bills are

retracted by the providers under ERISA §502(a)(3).

B.      In the alternative, order that Georgetown pay Plaintiff the total of out-of-pocket

costs for all retroactively denied services.

C.      Award such other legal, equitable and remedial relief as the Court deems

appropriate under ERISA § 502(a)(3), 29 U.S.C.§1132(a)(3).

D.      ORDER the Defendants to pay attorneys' fees and costs.


DATED:  August 6, 2015


                              /s/Denise M. Clark
                         Denise M. Clark, Esq. (420480)
                         Clark Law Group, PLLC
                         1250 Connecticut Ave, N.W., Suite 200
                         Washington, D.C. 20036
                         (202) 293-0015
                         dmclark@benefitcounsel.com